UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANE DOE,
    *Plaintiff*,

v.

UNKNOWN PERSONS, JOHN DOE *et al.*,
    *Defendants*.

No. 3:24-cv-001598 (KAD)

### ORDER TO SHOW CAUSE

Plaintiff Jane Doe has filed this lawsuit *pro se* and *in forma pauperis* against several unknown persons and unnamed government agencies. Because it appears that the Complaint does not allege facts that give rise to plausible grounds for a federal court to grant relief, was brought in an improper venue, and because the relevant statute of limitations has long since elapsed for some claims, the Court issues this order to allow Plaintiff to explain why the Complaint should not be dismissed.

#### BACKGROUND

Initially, the Court observes that Doe's Complaint is difficult to understand as a single narrative. Indeed, some of her allegations are simply unintelligible. The Complaint is 88 pages, includes numerous exhibits, and purports to bring twelve claims against unidentified defendants. Nonetheless, the Court is able to discern the following.

Much of Doe's Complaint concerns events that occurred in 2008, when Plaintiff began receiving emails and mail with racial slurs, violent insults, and threats that she would lose her infant child. Doc. #1 at 11 (¶¶ 1-5). Upon receiving these hate-laced communications, Plaintiff complained to "campus police," the FBI, and several other law enforcement agencies or judicial departments. Plaintiff also alleges that in May 2008 she was sexually assaulted on the campus of Ohio State University, but it is unclear whether the perpetrator is connected to the sender of the

hate mail. Although she does not detail whether she was a student, she alleges that the officials of Ohio State University refused to help her, and that certain "intelligence" agencies precluded the university from taking action. *Id.* at 13-14 (¶¶ 1-5, 8). She alleges that eventually, the sender of the mail struck her with his car, an event she describes as a "vehicle ramming" in retaliation for an unspecified act. *Id.* at 4 (¶¶ 1-3); 11 (¶ 1). The Complaint appears to allege a broad conspiracy between law enforcement, university officials, and the "attackers."

The Complaint then changes course, describing events from Plaintiff's childhood in (apparently) North Carolina. She lists several counts and causes of action relating to her sexual abuse as a child, torture, and violence committed by her family members, government agents, and state agencies. *Id.* at 40 (¶ 1); 42 (¶ 4); 44 (¶ 2). She further alleges that she is a victim of water poisoning at Camp Lejeune in North Carolina, and that the unspecified defendants continue to profit from recordings made of her rape and torture. *Id.* at 45 (¶¶ 1-2); 51 (¶ 1).

Plaintiff has not named any of the Defendants, although she states that she believes she knows who some of them are. *See, e.g.*, *id.* at 11 (¶ 1). She seeks relief under numerous criminal statutes, 42 U.S.C. § 1983, the Patriot Act, the Eliminating Limits to Justice for Child Sexual Abuse Victims Act, the Due Process Clause of the Fourteenth Amendment, and the Espionage Act, among other federal laws.

## Discussion

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is proceeding *pro se*, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive

2

dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns raised regarding whether the complaint is subject to dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this Order is to set forth the Court's concerns so that Plaintiff may promptly respond or file an amended complaint that adequately addresses these concerns.

The first and perhaps the most evident problem with Doe's Complaint is that it fails to allege a plain and simple statement of her claims and to include facts that plausibly show that a defendant should be liable for the wrongs that she alleges. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And it must back up its claims with "sufficient factual matter" to make it plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has not met those requirements. All her allegations are conclusory, fragmentary, and have little factual support. She claims that she suffered aggravated sexual abuse, torture, money laundering, multiple "vehicle ramming" attacks, stalking by government intelligence agencies, and interference with her rights to seek redress—and she alleges some of these violations were committed by agents of the government. *See* Doc. #1 at 2-3, 23 (¶ 12). But she offers only conclusory accusations and little to no factual support for any of those claims.

Furthermore, claims under section 1983 are subject to a three-year statute of limitations. *See, e.g.*, *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Here, the Complaint relies on events from Plaintiff's early childhood, which presumably pre-date, by many years, her allegations relating to the receipt of hate-mail, sexual assault, and a vehicle ramming that took

3

place 16 years ago (in 2008). Additionally, the Complaint does not adequately allege any specific acts that have occurred within the three years leading up to its filing. And there does not appear to be any allegation that would support tolling of the statute of limitations. *See, e.g.*, *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (noting that *sua sponte* dismissal "based on the statute of limitations is especially appropriate where, as in this case, the injuries complained of occurred more than five years before the filing of the complaint—well outside the applicable three-year limitations period . . . there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights."). Accordingly, it appears that the section 1983 claims are subject to dismissal for failure to allege acts that occurred within the statute of limitations.

Nor does the Complaint allege a plausible claim for relief under 18 U.S.C. §§ 245, 2241-43, 2251-52, and 2260, among other statutes. These statutes are criminal laws; they allow for criminal prosecution of certain acts but do not include any language allowing a *private* party to seek damages against a person who violates these laws. In the absence of such language, it is well established that criminal statutes do not give rise to a private right of action for civil damages. *See Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021). Although she lists 18 U.S.C. § 2255 (allowing for a civil remedy for personal injuries in light of several criminal sexual abuse statutes) as one of her causes of action, as discussed above, these claims are bereft of supporting facts. *See* Doc. #1 at 21 (¶ 2).

More generally, the Complaint lumps together, without distinction, Defendants "Unknown Persons," "John Does," "Jane Does," and government agencies, but does not specify which are implicated in the various alleged violations of Doe's rights. Rule 8 of the Federal Rules of Civil Procedure requires that each defendant be given "fair notice of what the plaintiff's

4

claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001). But a complaint does not satisfy Rule 8 "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Id.*

The Court further observes that the Complaint provides no basis to conclude that venue is proper in this district. Fed. R. Civ. P. 12(b)(3) provides that a complaint may be dismissed for improper venue. The statute governing venue provides that venue is proper in any judicial district in which any defendant resides; a judicial district in which a substantial part of the events giving rise to the action occurred; or, absent such identifiable venue, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). As Plaintiff has not identified any defendant and there are no allegations that the events giving rise to her claims occurred in Connecticut, it does not appear that this Court is the correct venue for these claims. Indeed, though not clear, it appears that the events giving rise to her claims occurred in Ohio or North Carolina.

Finally, the Court observes that the case cannot move forward without a named defendant. If there is no one to serve, there is no one to defend the allegations and no path forward to an adjudication on the merits.

## Conclusion

For the reasons stated above, it appears that the Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(3). If Doe can demonstrate that her Complaint should not be dismissed, she may file a response to this order to show cause on or before February 18,

2025.

It is so ordered.

Dated at Bridgeport, Connecticut this 4th day of February 2025.

/s/
Kari A. Dooley
United States District Judge